STATE EX REL. W. E. DONOVAN, RELATOR, *v.* ROBERT B. SMITH ET AL., RESPONDENTS.

[Submitted May 4, 1898. Decided May 23, 1898.]

The second section of the Act of 1897 (pp. 166-171) relating to the erection of the State Capitol Building, authorized the State Board to procure plans and specifications for the building, but did not limit the Board to plans, etc., prepared by citizens of the state. Section 3 of the Act, after providing that the Board should contract with the architect for compensation, contains the following: "That all architects, superintendents and contractors shall be citizens of the State of Montana." The law also authorizes the Board to "avail itself of the plans and specifications heretofore adopted for a State Capitol Building" if the same can be used, etc.

*Held*, That a petition which held that the Board had awarded the contract for furnishing plans and specifications to certain architects who were not residents of Montana, and had also entered into a contract with them to superintend the construction of the building, and were about to carry out these contracts, states facts sufficient to entitle the petitioner to a writ of prohibition. *Held*, further, that if the plans contracted for were modifications of the plans heretofore adopted for the State Capitol Building, or if the persons to whom the contract was awarded are citizens of the state these matters should be set up in an answer.

APPLICATION by the state, on relation of W. E. Donovan, for a writ of prohibition against the Board of State Capitol Commission. Motion to dismiss application overruled.

*Campbell & Parr*, for Relator.

*C. B. Nolan, Attorney General*, for Respondents.

PER CURIAM. This is an application for a writ of prohibition. The relator, who is an architect, makes this application for himself and other architects of the state. The respondents constitute the Board of State Capitol Commission.

It appears from the affidavit of the relator that the respondent board, after duly advertising for bids therefor, as required by law, on the 19th day of March last awarded the contract for furnishing the plans, specifications and detailed drawings for the capitol building to be erected at the city of Helena to C. E. Bell and J. H. Kent, who are alleged to be co-partners, doing business under the style and firm name of Bell & Kent, at Council Bluffs, in the state of Iowa, and also at that time entered into a contract with said Bell & Kent to superintend the construction of said building as superintending architects during the erection of the building, for certain sums set forth in the application. The affidavit also states that said Bell and Kent, or either of them, were not citizens at the time of the awarding of the contract to them, and that, at the commencement of this proceeding, they were not citizens of the state of Montana, but were and are citizens and residents of the state of Iowa. The relator contends that, said Bell and Kent not being citizens of the state of Montana at the execution of said contract, nor at the present time, the said board exceeded its jurisdiction by entering into said contract, and now threatens to continue to exceed its jurisdiction by carrying out the terms of said contract made with said Bell & Kent, as aforesaid, unless prohibited from so doing. The relator asks, therefore, that this court issue its writ of prohibition restraining and prohibiting the said board from carrying out said contract with Bell & Kent.

The respondent board appeared by counsel, and filed its motion in the nature of a demurrer to the application, on the ground that the same does not state facts sufficient to entitle the relator to the relief sought.

The contention of the relator is that, under the law, the board has no authority or power to enter into the contracts mentioned in the affidavit with any architect not a citizen of this state. The determination of this question involves a construction of the law passed by the legislative assembly at its last session. (See Session Acts 1897, pp. 166–171.) This act amended the former legislation of the state providing for the erection of a state capitol building. The attorney general contends that Section 2 of the Act of 1897 does not limit or confine the board in procuring plans and specifications for the capitol building to plans and specifications prepared by architects who are citizens of the state. It is true that this section does not in express terms require the board to contract with architects who are citizens of the state for such plans and specifications. But Section 3 of the same act, after providing that the board shall contract with the architect chosen for compensation, and prescribing the duties of the architect, fixing his bond, etc., has this proviso: "That all architects, superintendents and contractors shall be citizens of the state of Montana." It is true that the board is authorized by the law of 1897 to "avail itself of the plans and specifications heretofore adopted for a state capitol building" if the same can be modified and used in the construction of the new and different building to be erected by the board under the amended law. But it does not appear by the application in this case that any modified plans and specifications heretofore adopted for a capitol building are being now used by the board, or that the board contemplates using such plans and specifications in erecting the building. It is alleged that the board has contracted for plans and specifications furnished by architects not citizens of the state, and has also contracted with such architects to superintend the construction of the building. We are not prepared, therefore, to hold that the affidavit for the writ does

not state facts sufficient to entitle the relator to relief. If the plans and specifications contracted for are the modified plans and specifications heretofore adopted for a state capitol building, this fact should be pleaded by answer. If the persons to whom the contracts mentioned in the affidavit were or are citizens, or if either of them was or is a citizen, of the state, such fact should be set out in an answer. These matters cannot be determined upon the hearing of the motion under discussion.

*The motion is overruled.*